HENRY A. BOCK, PLAINTIFF-RESPONDENT, v. GABRIEL FEIGELSON, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided May 3, 1933.

Before Justices Trenchard, Case and Brogan.

For the defendant-appellant, *George H. Rosenstein*.

For the plaintiff-respondent, *Brenner & Kresch* (*Samuel E. Kresch*, of counsel).

Per Curiam.

On April 3d, 1931, the plaintiff below entered into a contract with Feigelson Brothers to sell a stationery store in Staten Island for the sum of $17,500. This contract signed by Henry A. Bock, as vendor, Feigelson Brothers and Sam Feigelson, as vendees, called for a down payment of $500. The defendant below, who is the appellant here, Gabriel Feigelson, was not a member of the vendee group, but was the maker of a check for $500 which was given to the plaintiff as the initial payment. Bock endorsed the check, presented it at the bank and found that payment had been stopped. Suit was brought upon the check and judgment for the full amount recovered by the plaintiff.

Feigelson appeals on two grounds. First, that there was lack of consideration as to him and, secondly, breach of guaranty on the part of the respondent. There is no merit to either point. Certainly it was sufficient consideration that the plaintiff obligated himself to sell his business. When the defendant below gave his check to the plaintiff, the plaintiff was bound to carry out the terms of the contract and sell his business to Feigelson Brothers for the agreed sum. The appellant cannot say that there was no consideration for that payment. That question has been disposed of, and adversely to his contention, many times. *O'Toole* v. *O'Toole,* 10 *N. J. Mis. R.* 159; 158 *Atl. Rep.* 337; *Penbrook Trust Co.* v. *Wiegand & Co.,* 100 *N. J. L.* 353; 126 *Atl. Rep.* 404.

The second point that there was a failure of respondent's guaranty is also without merit  The agreement between the

parties provides, "the seller also guarantees the present lease to July 1st, 1934, at $90.50 per month with an option to renew for five years at the same rent." It was admitted by the plaintiff that the lease he had at the time of the agreement contained no provision for a five-year renewal option. This failure on the part of the plaintiff would not avail the defendant. The only one that could complain about that breach would be Feigelson Brothers, who were the purchasers. Then, too, this covenant in the agreement was a condition subsequent. The court, sitting without a jury, found that the plaintiff's covenant was to obtain a five-year lease when desired. It is apparent that the plaintiff was not afforded much opportunity to obtain this renewal since the check in question, dated April 3d, 1931, was, when presented on April 6th, 1931, dishonored.

The judgment of the court below will be affirmed, with costs.